# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **ALPHA OMEGA PUBLICATIONS, INC.** | * | **CIVIL ACTION NO. 05-1482** |
| Versus | * | **JUDGE JAMES** |
| **MID-SOUTH EDUCATIONAL ASSOCIATION, INC., ET AL** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss Mid South Educational's Counterclaim (Doc. #15) filed by plaintiff, Alpha Omega Publications, Inc. ("AOP"). Mid-South Educational Association, Inc. opposes the motion. For reasons stated below, it is recommended that the motion be **DENIED**.

## BACKGROUND

AOP filed suit seeking monetary damages in addition to preliminary and permanent injunctive relief enjoining the future infringement of AOP's copyrights and trademarks, and misappropriation of AOP's trade secrets. AOP names Mid-South Educational Association, Inc. d/b/a Learning Planet ("Mid-South"), Jerry Tolle ("Tolle"), and Mark Armstrong ("Armstrong") as defendants. AOP develops and sells educational software. AOP owns federal trademark and copyright registrations on this software. Defendants Tolle, a former employee of AOP, and Armstrong formed a company that Plaintiff alleges competes with AOP. Plaintiff contends that Defendants have infringed AOP's copyrights and trademarks, violated the Lanham Act, misappropriated AOP's trade secrets, and committed unfair and deceptive trade practices. Plaintiff also alleges that Tolle breached his employment agreement with AOP. Mid-South has

filed a counterclaim against AOP alleging unfair trade practices. AOP has filed a Motion to Dismiss Mid-South's counterclaim; this motion is currently before the Court.

## LAW AND ANALYSIS

In assessing the merits of a motion to dismiss under F.R.C.P. 12(b)(6), the court must assume that all factual allegations set forth in the complaint are true, and must construe these facts in the light most favorable to the plaintiff. *United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276 (1991). "Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981), *cert. granted, Weyerhaeuser Co. v. Lyman Lamb Co.*, 456 U.S. 971, 102 S.Ct. 2232 (1982), *cert. dismissed*, 462 U.S. 1125, 103 S.Ct. 3100 (1983). "While a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist." *Richards v. City of Weatherford*, 145 F.Supp.2d 786, 789 (N.D. Tex.) *aff'd*, 275 F.3d 46 (5th Cir. 2001), citing *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990). If a complaint lacks an allegation regarding an essential element to obtain relief, dismissal should be granted. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Moreover, "conclusory allegations and unwarranted deductions of fact are not admitted as true" for purposes of a motion to dismiss and will not suffice to prevent a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F2d. 278, 281 (5th Cir. 1992), quoting *Associated Builders' Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974); *Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997).

However, 12(b)(6) motions are disfavored, and "[u]nless it appears to a certainty that

plaintiffs can prove no set of facts that would entitle them to relief," a 12(b)(6) motion for dismissal may not be granted. *Garrett v. Commonwealth Mortg. Corp. of America,* 938 F.2d 591 (5th Cir.1991).

Mid-South's counterclaim asserts a state law claim for unfair trade practices under the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R.S. 51:1401, et seq. The LUTPA declares that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are illegal. La. R.S. 51:1405.

> To recover under the LUTPA, a plaintiff must "prove some element of fraud, misrepresentation, deception or other unethical conduct. *Omnitech Intern., Inc. v. Clorox Co.*, 11 F.3d 1316, 1332 (5th Cir. 1994). "A trade practice is unfair under the statute only when it offends established public policy and is immoral, unethical, oppressive or unscrupulous. *Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 404 (5th Cir. 2000). What constitutes an unfair trade practice is determined by the courts on a case-by-case basis. *Omnitech Intern, Inc.*, 11 F.3d at 1332.

*Tubos de Acero de Mexico, SA v. American Int'l Inv. Corp., Inc.*, 292 F.3d 471, 480 (5th Cir. 2002). The LUTPA grants a cause of action for damages to "[a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as the result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful..." La. R.S. 51:1409.

AOP claims that Mid-South's counterclaim should be dismissed because Mid-South does not allege specific unfair conduct, the allegations fail as a matter of law, and AOP is protected under the *Noerr-Pennington* immunity doctrine. Mid-South alleges that when AOP learned that

3

Mid-South was offering its Navigator[1] service to customers using AOP's Switched-On-Schoolhouse product

> Alpha Omega took action against Mid-South by, among other things, terminating all contracts with Mid-South, thereby preventing Mid-South from purchasing any Alpha Omega products to use in Mid-South's home schools and small Christian schools. On information and belief, Alpha Omega also contacted one or more other schools to place them on notice that if they chose to use the Navigator service, then Alpha Omega would not allow them to use the Switched-On-Schoolhouse product. Alpha Omega also fired defendant, Jerry Tolle, who was working as a salesman for Alpha Omega and, in that capacity, was offering the Navigator service as an incentive to increase the sales of Alpha Omega's Switched-On-Schoolhouse product.

Doc. #20 - Mid-South's Amended Counterclaim para. 8.

Mid-South's counterclaim alleges facts which, when construed in the light most favorable to Mid-South, and particularly in light of the need for case by case analysis to determine whether particular actions constitute unfair trade practices, give rise to a viable claim against AOP. The allegations of the counterclaim are sufficient to state a claim for relief and to survive a motion to dismiss under F.R.C.P. Rule 12(b)(6); it is therefore recommended that AOP's Motion to Dismiss (Doc. #15) be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

---

[1]Mid-South's Navigator service "allows teachers, parents, and students who are using [Mid-South's] Learning Management System to access student academic data on a real-time basis via an Internet browser." Doc. #20 - Mid-South's Amended Counterclaim para. 5.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 7th day of March, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE